IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIKTAR MAKAREVICH,

    Petitioner,

v.                                                                     No. 1:25-cv-01002-KG-JHR

PAMELA BONDI, et al.,

    Respondents.

## ORDER

    This matter is before the Court on Viktar Makarevich's Habeas Petition under 28 U.S.C. § 2241, Doc. 1, and the Government's Motion to Dismiss, Doc. 10. For the reasons below, the Court grants the Government's motion and dismisses the petition without prejudice.

    Mr. Makarevich, a Belarusian citizen, "lawfully entered the United States" in 2019 "with a B-2 visitor visa." Doc. 1 at 3. In 2020, "he timely filed an I-589 Application for Asylum and Withholding of Removal, which remains pending," based on his "fear of future persecution in Belarus due to his political opinion and opposition activities." *Id.* Mr. Makarevich is employed as a commercial truck driver and has "no criminal history." *Id.*

    On September 25, 2025, ICE arrested Mr. Makarevich and placed him in the Torrance County Detention Facility in New Mexico. Doc. 1 at 2–3. During a bond hearing, an Immigration Judge ("IJ") denied Mr. Makarevich's release, which he timely appealed with the Board of Immigration Appeals ("BIA"). Doc. 1 at 4. Mr. Makarevich argues that his detention violates his substantive and procedural due process rights. Doc. 1 at 5–7. The Government responds that this Court lacks jurisdiction over the petition and that Mr. Makarevich has failed to exhaust administrative remedies. Doc. 10 at 7–8.

In reviewing a motion to dismiss, the Court "accept[s] as true all well-pleaded factual allegations" and views them "in the light most favorable" to the petitioner. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A habeas petition must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001).

Under 8 U.S.C. § 1226(a), DHS may detain certain noncitizens "on a warrant issued by the Attorney General" while removal proceedings are pending. Those detainees are entitled to a bond hearing at which "the burden is on the noncitizen to demonstrate" that release is warranted. *Salazar v. Dedos*, 2025 WL 2676729, at *6 (D.N.M.). An IJ's bond determination is "discretionary" and "not subject to review." § 1226(e).

Here, Mr. Makarevich fails to allege facts that, if true, entitle him to relief. He acknowledges that he received a § 1226(a) bond hearing. *See* Doc. 1 at 4. Any challenge to the IJ's bond determination seeks review of a discretionary judgment that § 1226(e) expressly bars.

Mr. Makarevich contends that, despite receiving a hearing, there is "no administrative mechanism…to obtain" review of that bond decision "from a neutral arbiter" because ICE exhibits "substantial bias." Doc. 1 at 6. The Court disagrees. The IJ's bond decision is subject to review by the BIA, a neutral adjudicator within the Department of Justice's Executive Office for Immigration Review—indeed, Mr. Makarevich has filed a BIA appeal. *See* Doc. 1 at 4. Furthermore, Mr. Makarevich alleges no facts connecting any alleged bias within ICE, a DHS component, to the decision-making of the IJ or BIA, adjudicators under a separate executive agency. He therefore fails to state a plausible procedural due process violation.

Mr. Makarevich's substantive due process claim also fails. He alleges that there is "no significant likelihood" he will be removed in the reasonably foreseeable future, Doc. 1 at 5, but

that standard applies only to detention under 8 U.S.C. § 1231 after a final order of removal. Mr. Makarevich is detained under § 1226(a), which governs pre-removal detention, and he alleges no facts showing that such detention violates substantive due process.

For the reasons above, the Government's motion, Doc. 10, is hereby GRANTED. Mr. Makarevich's habeas petition, Doc. 1, is DISMISSED without prejudice.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.